1  JOHN L. BURRIS, Esq./ State Bar #69888
   LAW OFFICES OF JOHN L. BURRIS
2  Airport Corporate Centre
   7677 Oakport Street, Suite 1120
3  Oakland, California 94621
   Telephone:  (510) 839-5200
4  Facsimile:   (510) 839-3882

5  Attorney for Plaintiff

6

                    UNITED STATES DISTRICT COURT
7
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
8

9

10  LEEVURN LYONS,                              Case No.

            Plaintiff,                **COMPLAINT FOR DAMAGES FOR**
11                                     **VIOLATION OF CIVIL RIGHTS.**
        vs.                           **JURY TRIAL DEMANDED**
12

13  CITY OF OAKLAND,  a municipal corporation;
    RICHARD WORD, in his capacity as Chief of
14  Police for the CITY OF OAKLAND; R.
    HOLMGREN, individually and in his capacity
15  as a police officer for the CITY OF OAKLAND;
    R. HOLTON, individually and in his capacity as
16  a police officer for the CITY OF OAKLAND; C.
    BUNN, individually and in his capacity as a
17  police for the CITY OF OAKLAND; S.
    MILLINGTON, individually and in his capacity
18  as a police officer for the CITY OF OAKLAND;
    J. McGUINN, individually and in his capacity as
19  a police officer for the CITY OF OAKLAND;
    and DOES 1-25, inclusive, individually and in
20  their capacities as police officers for the CITY
    OF OAKLAND,
21

22
            Defendants.
23                                       /

24

25

26                         JURISDICTION

27      1.      This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction

28  is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The

COMPLAINT FOR DAMAGES                                                        1

1  unlawful acts and practices alleged herein occurred in the City of Oakland, County of Alameda,

2  California, which is within this judicial district.

3

4  PARTIES

5  2.  Plaintiff herein, LEEVURN LYONS, is readily recognizable as an African-American

6  and was at all times herein mentioned a citizen of the United States residing in Alameda County in

7  California.

8  3.  Defendant City of Oakland ("CITY") is a municipal corporation, duly organized and

9  existing under the laws of the State of California.  The City operates under its authority the Oakland

10  Police Department.

11  4.  At all times mentioned herein, defendant officer R. HOLMGREN ("HOLMGREN")

12  was employed by defendant CITY as a police officer.  He is being sued individually and in his

13  capacity as a police officer for the CITY.

14  5.  At all times mentioned herein, defendant officer R. HOLTON ("HOLTON") was

15  employed by defendant CITY as a police officer.  He is being sued individually and in his capacity as

16  a police officer for the CITY.

17  6.  At all times mentioned herein, defendant officer C. BUNN ("BUNN") was employed

18  by defendant CITY as a police officer.  He is being sued individually and in his capacity as a police

19  officer for the CITY.

20  7.  At all times mentioned herein, defendant officer S. MILLINGTON

21  ("MILLINGTON") was employed by defendant CITY as a police officer.  He is being sued

22  individually and in his capacity as a police officer for the CITY.

23  8.  At all times mentioned herein, defendant officer J. McGUINN ("McGUINN") was

24  employed by defendant CITY as a police officer.  He is being sued individually and in his capacity as

25  a police officer for the CITY.

26  9.  At all times mentioned herein, defendant officers DOES 1-25, inclusive, were

27  employed by defendant CITY as police officers.  They are being sued individually and in their

28  capacities as police officers for the CITY.

COMPLAINT FOR DAMAGES                                                                            2

10.     At all times mentioned herein, Defendant  RICHARD WORD was employed by Defendant CITY as CHIEF OF POLICE for the CITY.  He is being sued in his official capacity as CHIEF OF POLICE for the CITY.

11.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend his complaint to state the names and capacities of DOES 1 through 25, inclusive,  when they have been ascertained.

12.     In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City.  In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

13.     For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law.  Plaintiff has complied with all applicable requirements.

STATEMENT OF FACTS

14.     On July 30, 2002,  plaintiff LEEVURN LYONS ended his shift at AT&T Broadband, where he works as an auditor,  and drove to his brother's house at 3334 Seminary Avenue in Oakland.

15.     Plaintiff met his brother, Brent Lyons, and his cousin in front of Brent Lyons residence located at 3334 Seminary Avenue.  The front door to the residence was open and the house's backyard was visible through the front door.  As plaintiff greeted his brother and cousin, several Oakland Police Department vehicles pulled up near plaintiff.  At this time plaintiff saw through the line of sight afforded by the house's open front door a shadowy figure run through the house's backyard.

16.     Attempting to secure the house from the possible intruder, plaintiff walked inside the house and closed the door leading to the backyard.  As plaintiff secured the door, one of defendant

COMPLAINT FOR DAMAGES                                                                                 3

1   Oakland police officers, believed to be defendant officer McGUINN, ran into the home through the

2   front door and demanded from plaintiff information to locate the suspect or any contraband in the

3   area.  Plaintiff accurately responded that he'd just arrived at the house and didn't have any such

4   information responsive to defendant officer McGUINN'S interrogation.  Defendant officer

5   McGUINN then began searching the home, although he had received no permission to do so.

6         17.    Several of defendant officers then walked to the front door of the home and demanded

7   that plaintiff let them inside the home.  Plaintiff refused to grant defendant officers such permission

8   and told them that was already one unwanted officer in the house without permission.  Defendant

9   officer HOLMGREN then ordered plaintiff to move out of the way, and emphasized his point by

10  withdrawing his service revolver.  Defendant officer HOLMGREN held his gun at point blank range

11  to plaintiff's face. Under such coercion, plaintiff complied with the officer's order and stepped aside.

12  Defendant officer HOLMGREN entered the house so that he and plaintiff were both inside the house.

13        18.    Plaintiff asked the officer for an explanation of why they wanted to enter the

14  residence, but defendant officer HOLMGREN merely responded by telling plaintiff to "shut up."

15  Plaintiff then asked for the officer to identify himself and produce a search warrant.  Defendant

16  officer HOLMGREN told plaintiff to "get out of my face," and pushed plaintiff onto a couch.

17  Plaintiff stood back up and told defendant officer HOLMGREN, "So this is what you do to civilians."

18  At this point plaintiff heard a call come over the officer's radio stating that the pursued suspect had

19  been captured across the street from plaintiff's location.  Defendant officer HOLMGREN then began

20  walking out of the house.

21        19.    Plaintiff asked defendant officer HOLMGREN for his name and badge number.

22  Defendant officer HOLMGREN walked back to plaintiff, who was standing in his doorway, and

23  stopped so that he was directly in front of plaintiff.  Defendant officer HOLMGREN wore an

24  Oakland Police Department baseball cap and began repeatedly bumping the brim of the cap

25  plaintiff's forehead and repeatedly said to plaintiff, apparently rhetorically,  "What are you going to

26  do?" before walking away.

27        20.    Plaintiff immediately got a pen and paper from a neighbor and wrote down defendant

28  officer HOLMGREN's name as it appeared on his jumpsuit. Plaintiff told defendant officer

COMPLAINT FOR DAMAGES                                            4

1    HOLMGREN that he had his name and badge number. Defendant officer HOLMGREN then ordered

2    another defendant to arrest plaintiff for "assisting a fugitive". Plaintiff was arrested by defendant

3    officers and transported to Oakland City Jail. Plaintiff paid $250 for a bail bond and was released at

4    approximately 4:00 a.m. that morning. Charges were never filed against plaintiff, who has no

5    criminal history.

6         21. Defendant officer HOLMGREN subsequently wrote in his police report of the incident

7    (assuming proper grammar), that he helped to take into custody the suspect they had been pursuing

8    before violating plaintiff's civil right, and that the suspect, Rudolph Barker, was apprehended on the

9    northwest side of 3354 Seminary Avenue. Defendant officer HOLMGREN writes the report in a

10    manner that indicates Mr. Barker was arrested on the side of the residence where the incident giving

11    rise to this Complaint arose, however the incident occurred at 3334 Seminary Avenue. Further,

12    plaintiff heard the call on defendant officer HOLMGREN's radio that the suspect had been

13    apprehended at a location down the street from plaintiff and defendant officer HOLMGREN's

14    location. Finally, in defendant officer HOLTON's report of the incident, he writes that Mr. Barker

15    was taken into custody in front of 3354 Seminary Avenue, which is not the address where this

16    incident occurred, as noted above, and does not appear to be on the side of any address, but in front of

17    a residence.

18         22. On information and belief, plaintiff alleges that defendant officer HOLMGREN has

19    been the subject of prior litigation regarding his use of excessive force, violence, and false arrest.

20    Plaintiff further alleges that as a result of such litigation, defendant CITY was on notice of defendant

21    officer's HOLMGREN's propensity for engaging in acts of violence against citizens. This arrest of

22    plaintiff was vindictive and retaliatory in nature, intended to punish plaintiff for asking legitimate

23    questions regarding defendant officers' conduct in their pursuit of a fleeing suspect.

DAMAGES

24

25         23. As a proximate result of Defendants' conduct, Plaintiff suffered pain and physical

26    injuries, including being assaulted and battered, bruising, and contusions. As a further proximate

27    result of defendants' conduct, plaintiff was wrongfully incarcerated for several hours and suffered

28

COMPLAINT FOR DAMAGES                                                           5

severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as a United States citizen.

24.     Plaintiff was assaulted and battered without any just provocation or probable cause, by defendant officers and suffered injuries as described herein.

25.     The conduct of defendant officers was malicious, wanton, and oppressive.  Plaintiff is therefore entitled to an award of punitive damages against said defendant police officers of the CITY.

26.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law.  Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against defendant officers HOLMGREN, HOLTON, BUNN, MILLINGTON, McGUINN, and DOES 1-10, inclusive)

27.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 26 of this Complaint.

28.     In doing the acts complained of herein, Defendant officers officers HOLMGREN, HOLTON, BUNN, MILLINGTON, McGUINN, and DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive plaintiff of certain constitutionally protected rights, including, but not limited to:

a.      The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.      The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.      The right to be free from the use of excessive force by police officers, which is guaranteed  by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

COMPLAINT FOR DAMAGES                                                                                            6

d.      The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment

to the United States Constitution;  and/or,

e.      The right to be free from interference within the zone of privacy, as protected by the

Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, RICHARD WORD, and DOES 11-25)

29.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through

28 of this Complaint.

30.     Plaintiff is informed and believes and thereon alleges that high ranking City of

Oakland officials, including high ranking police supervisors, such as Defendant Richard WORD,

DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about the

repeated acts of misconduct by defendant officers HOLMGREN, HOLTON, BUNN, MILLINGTON,

McGUINN, and DOES 1-10, inclusive, and/or each of them.

31.     Despite having such notice, Plaintiff is informed and believes and thereon alleges that

Defendants WORD, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged

and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights

violations by said officers.

32.     Plaintiff is further informed and believes and thereon alleges that as a result of the

deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant police

officers HOLMGREN, HOLTON, BUNN, MILLINGTON, McGUINN, and DOES 1-10, inclusive,

and/or each of them, Defendant WORD, DOES 11-25, and/or each of them, encouraged these

1   officers to continue their course of misconduct, resulting in the violation of the Plaintiff's rights as

2   alleged herein.

3          33.    The aforementioned acts and/or omissions and/or deliberate indifference by high

4   ranking City of Oakland officials, including high ranking City of Oakland Police Department

5   supervisors, Defendants WORD, DOES 11-25, and each of them resulted in the deprivation of

6   Plaintiff's constitutional rights including, but not limited to, the following:

7
8          a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

9              and Fourteenth Amendments to the United States Constitution;

10
11         b.  The right not to be deprived of life or liberty without due process of law, as guaranteed  by

12             the Fifth and Fourteenth Amendments to the United States Constitution;

13         c.  The right to be free from the use of excessive force by police officers, which is

14             guaranteed  by the Fourth, Fifth, and Fourteenth Amendments to the United States

15             Constitution;

16
17         d.  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to

18             the United States Constitution;  and/or,

19         e.  The right to be free from interference with the zone of privacy, as protected by the Fourth

20             and Ninth Amendments to the United States Constitution;

21
22         34.    Said rights are substantive guarantees under the Fourth and/or Fourteenth

23   Amendments to the United States Constitution.

24         WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

25                         THIRD CAUSE OF ACTION
                            (42 U.S.C. section 1983)
26                       (Against Defendant CITY OF OAKLAND)

27
28

35.     Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 34 of this Complaint.

36.     As against Defendant CITY, Defendant WORD and/or DOES 11-25 in his/their capacity as official policy-maker(s) for the CITY OF OAKLAND, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF OAKLAND Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

37.     Plaintiff is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct  and proximate result of the deliberate indifference of Defendants CITY, WORD, DOES 11-25, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant WORD, DOES 11-25, and each of them.

38.     The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant WORD, DOES 11-25, and each of them.

39.     Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant OAKLAND Police Department.

40.     Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant WORD, DOES 11-25, and each of them, exhibiting deliberate

COMPLAINT FOR DAMAGES                                                                                          9

1    indifference in the training, supervision and/or discipline of Defendant officers HOLMGREN,

2    HOLTON, BUNN, MILLINGTON, McGUINN, and DOES 1-10, inclusive, and/or each of them.

3        41.    The aforementioned customs, policies or practices of Defendant CITY, Defendant

4    WORD, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights

5    including, but not limited to, the following:

6

7        a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

8            and Fourteenth Amendments to the United States Constitution;

9

10       b.  The right not to be deprived of life or liberty without due process of law, as guaranteed by

11           the Fifth and Fourteenth Amendments to the United States Constitution;

12       c.  The right to be free from the use of excessive force by police officers, which is guaranteed

13           by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

14       d.  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to

15           the United States Constitution;  and/or,

16

17       e.  The right to be free from interference with the zone of privacy, as protected by the Fourth

18           and Ninth Amendments to the United States Constitution.

19       42.    Said rights are substantive guarantees under the Fourth and/or Fourteenth

20   Amendments to the United States Constitution.

21       WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

22

23                          FOURTH CAUSE OF ACTION
                                 (Assault and Battery)
24       (Against Defendant officers HOLMGREN, HOLTON, BUNN, MILLINGTON, McGUINN, and
                                  DOES 1-10, inclusive)
25

26       43.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 42 of this

27   Complaint.

28

COMPLAINT FOR DAMAGES                                                                      10

44.     Defendant officers HOLMGREN, HOLTON, BUNN, MILLINGTON, McGUINN, and DOES 1-10, inclusive, placed plaintiff in immediate fear of death  and severe bodily harm by attacking and battering him without any just provocation or cause.

.     These defendants' conduct was neither privileged nor justified under statute or common law.

45.     As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against defendant officers HOLMGREN, HOLTON, BUNN, MILLINGTON, McGUINN, and DOES 1-10, inclusive)

46.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 45 of this Complaint.

47.     The conduct of Defendant officers HOLMGREN, HOLTON, BUNN, MILLINGTON, McGUINN, and DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.  Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiff.

48.     As a proximate result of defendants' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme mental and emotional distress.  Therefore, Plaintiff is entitled to an award of punitive damages as against said defendants.  Plaintiff has suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

COMPLAINT FOR DAMAGES                                                                                    11

## SIXTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)
(Against Defendant officers HOLMGREN, HOLTON, BUNN, MILLINGTON, McGUINN, and DOES 1-10, inclusive)

49.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 48 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

50.     The wrongful conduct of officers HOLMGREN, HOLTON, BUNN, MILLINGTON, McGUINN, and DOES 1-10, inclusive as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of plaintiff.

51.     As a proximate result of defendants' negligent conduct, plaintiff has suffered severe emotional and mental distress, having a traumatic effect on plaintiff's emotional tranquility.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against Defendant officers HOLMGREN, HOLTON, BUNN, MILLINGTON, McGUINN, and DOES 1-10, inclusive)

52.     Plaintiff realleges and incorporates by reference  herein paragraphs 1 through 49 of this complaint.

53.     Plaintiff is informed and believes and thereon alleges that the conduct of defendant officers HOLMGREN, HOLTON, BUNN, MILLINGTON, McGUINN, and DOES 1-10, inclusive, as described herein, was motivated by racial prejudice against plaintiff.  Plaintiff is and was readily recognizable as African-American.  In engaging in such conduct,  defendants violated Plaintiff's rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

54.     Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

55.     As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Against Defendant officers HOLMGREN, HOLTON, BUNN, MILLINGTON, McGUINN, and DOES 1-10, inclusive)

56.   Plaintiff realleges and incorporates by reference herein paragraphs 1 through 55 of this Complaint.

57.   The conduct of  defendant officers HOLMGREN, HOLTON, BUNN, MILLINGTON, McGUINN, and DOES 1-10, inclusive, inclusive, as described herein, acting in the course and scope of their employment for defendant CITY, violated California Civil Code Section 52.1, in that they interfered with plaintiff's exercise and enjoyment of his civil rights, through use of wrongful and excessive force, and failure to make any proper or reasonable arrest of said plaintiff.

58.   As a direct and proximate result of defendants' violation of Civil Code Section 52.1, plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

59.   Since this conduct occurred in the course and scope of their employment, defendant CITY is therefore liable to plaintiff pursuant to respondeat superior.

60.    Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

COMPLAINT FOR DAMAGES                                                                    13

1
2
3

## NINTH CAUSE OF ACTION
### (Negligence)
(Against Defendant officers HOLMGREN, HOLTON, BUNN, MILLINGTON, McGUINN, and DOES 1-10, inclusive)

4
5      61.  Plaintiff realleges and incorporates by reference herein paragraphs 1 through 60 of this
6
complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton,
7
and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

8      62.  At all times herein mentioned, defendant officers HOLMGREN, HOLTON, BUNN,
9
MILLINGTON, McGUINN, and DOES 1-10, inclusive, were subject to a duty of care to avoid
10
causing unnecessary physical harm and distress to persons through their use of force and making of
11
arrests.  The wrongful conduct of defendants, as set forth herein, did not comply with the standard of
12
13
care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and
14
damages as set forth herein.  Pursuant to Government Code Section 815.2(a), Defendant CITY is
15
vicariously liable to plaintiff  for his injuries and damages suffered as alleged herein, incurred as a
16
proximate result of the aforementioned wrongful conduct of defendants.

17      63.  As a proximate result of defendants' negligent conduct, plaintiff suffered severe physical
18
injury,  severe emotional and mental distress,  injury having a traumatic effect on Plaintiff's
19
20
emotional tranquility, and suffered damages.

21      WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

22

23
## TENTH CAUSE OF ACTION
### (Negligent Hiring, Retention, Training, Supervision, and Discipline)
24
(Against Defendants CITY, RICHARD WORD,  and DOES 11-25)

25      64.  Plaintiff realleges and incorporates by reference herein paragraphs 1 through 63 of this
26
Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton,
27
and oppressive conduct by defendants, and any and all allegations requesting punitive damages.
28

COMPLAINT FOR DAMAGES

1      65.   At all times herein mentioned, defendant CITY, by and through its supervisory

2   employees and agents, RICHARD WORD, and DOES 11-25, inclusive, has and had a mandatory

3   duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers

4   so as to avoid unreasonable risk of harm to citizens.  With deliberate indifference, CITY, RICHARD

5   WORD, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order

6   to prevent the violation of plaintiff's rights and injury to said plaintiff.  CITY, RICHARD WORD,

7   and DOES 11-25, inclusive, breached their duty of care to citizens in that CITY, RICHARD WORD,

8   and DOES 11-25, inclusive, failed to adequately train its police officers, including defendant officers

9   HOLMGREN, HOLTON, BUNN, MILLINGTON, McGUINN, and DOES 1-10, inclusive,  in the

10   proper and reasonable use of force, the proper and reasonable making of arrests, and treating citizens

11   in a manner that is not racially discriminatory, and/or failed to have adequate policies and procedures

12   regarding the proper and reasonable use of force, the proper and reasonable making of arrests, and

13   treating citizens in a manner that is not racially discriminatory.  This lack of adequate supervisorial

14   training, and/or policies and procedures demonstrates the existence of an informal custom or policy

15   of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by

16   police officers employed by CITY, the continuing failure to make proper and reasonable arrests by

17   police officers employed by CITY, and continuing racially discriminatory behavior towards citizens

18   by police officers employed by the CITY.

19      66.   As a proximate result of defendants CITY, RICHARD WORD, and DOES 11-25,

20   inclusive's negligent conduct, plaintiff suffered severe physical injury,  severe emotional and mental

21   distress, injury having a traumatic effect on plaintiff's emotional tranquility, and damages.

22      WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

23      67.   Plaintiff hereby demands a jury trial in this action.

COMPLAINT FOR DAMAGES         15

PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.      For general damages in a sum of $100,000.00;

2.      For special damages in a sum according to proof;

3.      For punitive damages in a sum of $100,000.00 against defendant officer HOLMGREN;

4.      For injunctive relief, pursuant to California Civil Code Section 52.1, enjoining Defendant CITY OF OAKLAND from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from using excessive and unreasonable force against persons;

5.      For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

6.      For violation of California Civil Code Section 51.7 pursuant to California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

7.      For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8.      For cost of suit herein incurred; and

9.      For such other and further relief as the Court deems just and proper.

Dated:  July 20, 2003                    **The Law Offices of John L. Burris**

_____
John L. Burris
Attorney for Plaintiff

COMPLAINT FOR DAMAGES              16